IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01207-BNB

ALBERT B. HILL,

    Applicant,

v.

MICHAEL MILLER, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Defendants.

---

ORDER GRANTING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915 AND
DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Albert B. Hill, is a Colorado Department of Corrections prisoner who is detained at the Crowley County Correctional Facility, in Olney Springs, Colorado. He initiated this action by submitting **pro se** an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. On May 9, 2013, the Court directed Applicant to submit a certificate showing the balance in his trust fund account, or pay the $5.00 filing fee. (Doc. # 5). Mr. Hill filed the certificate on May 28, 2013. (Doc. # 6). Because Applicant has no available funds in his trust fund account, the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (Doc. # 3) will be granted.

The Court must construe the Applicant liberally because Mr. Hill is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act

as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

On May 28, 2013, Mr. Hill filed a Motion to Supplement, Amend and/or Modify Application for a Writ of Habeas Corpus (Doc. # 6). The Motion purports to add a sixth and seventh claim for relief to the original Application, as well as a Request for Relief. Mr. Hill is reminded that the Court does not construe piecemeal filings together. Instead, an amended pleading or motion supersedes the original filing "and renders it of no legal effect." *Davis v. TXO Prod. Corp.,* 929 F.2d 1515, 1517 (10th Cir.1991) (internal quotation marks omitted); *see also Miller v. Glanz*, 948 F.2d 1562,1565 (10th Cir. 1991); 6 C. Wright, A. Miller & M. Kane, *Fed. Practice and Procedure* § 1476 (1990). Applicant expects the Court to read his purported amendments filed on May 28, 2013 together with his original Application filed on May 7, 2013, to determine all of the claims he is asserting in this proceeding. That is not the Court's function. Mr. Hill must assert all of his claims and Request for Relief in a single Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, which must be filed on the court-approved form. Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (Doc. # 3) is **granted**. It is

FURTHER ORDERED that Applicant, Albert B. Hill, **within thirty (30) days from the date of this Order,** shall file an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that complies with the directives in this Order. It is

FURTHER ORDERED that Mr. Hill shall obtain the Court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of

her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Hill fails to file an Amended Application that complies with this Order to the Court's satisfaction within the time allowed, the Court will review only the original Application filed on May 7, 2013.  It is

FURTHER ORDERED that the Motion to Supplement, Amend and/or Modify Application for a Writ of Habeas Corpus (Doc. # 6) is GRANTED according to the directives discussed above.  It is

FURTHER ORDERED that the Motion to Preserve Right to Supplement, Amend and/or Modify Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. . . (Doc. # 4) is DENIED as moot.

DATED May 30, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge