IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01207-BNB

ALBERT B. HILL,

    Applicant,

v.

MICHAEL MILLER, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Albert B. Hill, is a prisoner in the custody of the Colorado Department of Corrections (CDOC) at the Crowley County Correctional Facility in Olney Springs, Colorado. He has filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. # 10]. Mr. Hill challenges the validity of his convictions and sentence imposed in the District Court of Arapahoe County, Colorado. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On July 16, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on August 5, 2013. [Doc. # 14]. Applicant filed a Reply [Doc. # 23] on November 14, 2013, after obtaining two extensions of time.

The Court construes Mr. Hill's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application.

## I. Background and State Court Proceedings

In May 2001, Mr. Hill was convicted pursuant to his guilty plea in Arapahoe County District Court Case No. 98CR2069 of two counts of sexual assault on a child (pattern of abuse) and two counts of sexual assault on a child by one in a position of trust. [Doc. # 10, at 50; Doc. # 14-1, at 11-12]. Pursuant to a stipulation in the plea agreement, he was sentenced on September 10, 2001, to thirty years in prison, plus five years of mandatory parole. [Doc. # 10, at 50; Doc. # 14-1, at 13].

On November 14, 2002, Mr. Hill filed a motion for post-conviction relief under Colo. R. Crim. P. 35(c), which was denied by the trial court on December 23, 2002. [Doc. # 14-1, at 24]. Subsequently, he filed four other post-conviction motions. [*See generally* Doc. # 14-1, at 21-25]. On November 21, 2008, Applicant filed a motion to correct an illegal sentence, which the state trial court granted on January 8, 2009. [*Id.* at 20]. The trial court issued an amended mittimus the same day. [*Id.*]. The amended mittimus reflected that Mr. Hill was subject to discretionary, rather than mandatory, parole and credited Applicant with an additional nine days of presentence confinement. [Doc. # 10, at 39, 41, 53].

On May 12, 2009, Mr. Hill filed a motion for reconsideration of his sentence pursuant to Colo. R. Crim. P. 35(b), which was denied by the state district court on June 17, 2009. [Doc. # 14-1, at 19].

Applicant then filed a motion for post-conviction relief pursuant to Colo. R. Civ. P. 35(c), which was denied by the state district court on February 9, 2010.  [*Id.* at 19]. Applicant's appeal of that order was denied, and the Supreme Court denied his request for certiorari review on March 13, 2013.  [*Id.*].

Mr. Hill filed his federal § 2254 application on May 7, 2013, raising eight claims:

(1) The Colorado Supreme Court violated Applicant's due process rights when it dismissed his petition for certiorari review. [Doc. # 10, at 5, 12].

(2) The Colorado Court of Appeals violated his constitutional right to due process when it determined that his state motion for post-conviction review was successive.  [*Id.* at 6, 12-15].

(3) Applicant's guilty plea was not entered knowingly, intelligently and voluntarily because he was under the "mentally debilitating effects of Prozac and/or Depakote" at the time he pled guilty.  [*Id.* at 6, 15-16].

(4), (5) Counsel was ineffective in: coercing Applicant to accept a plea agreement by advising him incorrectly about the affirmative defense of involuntary intoxication; failing to investigate the facts and law regarding the affirmative defense of involuntary intoxication.  [*Id.* at 17-29].

(6) Counsel was ineffective in failing to consult with medical professionals regarding Applicant's mental capacity before the trial court accepted Applicant's guilty plea.  [*Id.* at 30].

(7) The state post-conviction court violated Applicant's right to due process by denying his claim of newly discovered evidence in his state post-conviction motion, which showed that during the entire time of the criminal acts Applicant was involuntarily intoxicated.  [*Id.* at 30-32].

(8)  The state post-conviction court violated Applicant's right to due process when it denied his post-conviction motion on the ground that the defense of settled insanity did not apply in Applicant's case.  [*Id.*, at 32-33].

3

Respondents argue that claims one, two, seven and eight raise issues of state law that fail to invoke the federal habeas jurisdiction of this Court and, therefore, must be dismissed. Respondents further contend that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Respondents maintain, in the alternative, that claims three, four, five and six were procedurally defaulted in the state courts and are barred from merits review.

## II. Claims that Raise Issues of State Law

Respondents argue that claims one, two, seven and eight present issues of state law that are not cognizable on federal habeas review. In claims one and two, Applicant asserts that the Colorado appellate courts failed to resolve his post-conviction motion consistent with Colorado case law. In claims seven and eight, Mr. Hill challenges the state courts' failure to grant him post-conviction relief.

Federal habeas review is limited to claims that a state prisoner's custody violates the United States Constitution or other federal law. 28 U.S.C. § 2254(a). The statute does not provide a remedy for errors of state law. *See Swarthout v. Cooke,* 131 S.Ct. 859, 861 (2011) (per curiam); *see also Estelle v. Mcguire*, 502 U.S. 62, 67 (1991) (habeas corpus does not lie to correct errors of state law). Furthermore, alleged errors in the State's post-conviction remedy are not grounds for § 2254 review. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (recognizing that the Constitution does not require the states to grant post-conviction review).

Claims one and two clearly present issues that do not invoke the federal habeas jurisdiction of this Court. Mr Hill's Reply brief, which argues for the enforcement of state

4

law and asserts a constitutional entitlement to state post-conviction review, does not persuade the Court otherwise. Claims seven and eight likewise do not appear to raise federal constitutional issues. However, to the extent a federal issue is presented in those claims, they are subject to dismissal as time-barred.

### III.  AEDPA Time Bar

Respondents next maintain that the Application is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A.     Timeliness of Application

Mr. Hill's convictions were final on October 25, 2001, forty-five days after he was sentenced on September 10, 2001, when the time for filing a direct appeal expired. *See* Colo. App. R. 4(b)(1) (2001). As such, the one-year limitation period commenced on October 26, 2001. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003) (one-year limitation period commences the day after expiration of the time for seeking review).

Mr. Hill contends that his convictions were not final until his motion for correction of an illegal sentence was granted in January 2009, relying on *Leyva v. People*, 184 P.3d 48 (Colo. 2008).[1] [Doc. # 10, at 7; *see also* Doc. # 23, at 12-13]. Applicant is incorrect.

Federal law determines when a state judgment of conviction becomes final to trigger the start of the statute of limitations for seeking post-conviction relief in federal court pursuant to 28 U.S.C. § 2254. *See Graham v. Smelser*, No. 11-1038, 422 F. App'x 705, 707 (10th Cir. April 25, 2011) (unpublished) (rejecting the petitioner's reliance on *Leyva*, and citing *Clay v. United States*, 537 U.S. 522, 531 (2003)) ("[F]inality for the purpose of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule.")).

In *Graham*, the petitioner argued that the one-year limitation period for § 2254 petitions restarts when a court enters a mittimus to afford presentence credit on a

---

[1]In *Leyva*, the Colorado Supreme Court held that the correction of an illegal sentence pursuant to Colo. R. Crim. P. 35(a) restarts the state's three-year limitation period for collateral attacks on the underlying conviction under Rule 35(c). *Leyva*, 184 P.3d at 50-51. The court expressly noted, however, that the decision has "no effect on matters such as . . . the time limits for filing appeals, as those matters are controlled by different rules and statutes employing different standards." *Id.* at 50, n.2.

sentence previously imposed. The Tenth Circuit found no federal authority to support that proposition and therefore applied the general rule that a defendant's judgment of conviction becomes final at "the conclusion of direct review or the expiration of time for seeking such review," citing *United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir. 2000). *Graham*, 422 F. App'x at 707.

Here, the state district court's amendment to the mittimus did not impact Mr. Hill's sentence. Instead, the amendment reflected (1) the granting of nine additional days of presentence confinement credit; and, (2) that Applicant was subject to discretionary, not mandatory parole. [Doc. # 10, at 39, 41]. Mr. Hill has not cited any federal law to support his argument that he was resentenced on January 8, 2009, such that the AEDPA one-year limitation period restarted on that date. Moreover, Mr. Hill does not raise any claims challenging the resentencing in his federal application. See *Prendergast v. Clements*, 699 F.3d 1182, 1185-88 (10th Cir. 2012) (resentencing starts a new one-year limitation period under § 2244 only with regard to claims related to the new judgment and sentence); *see also Vallez v. Hartley*, No. 08-1346, 305 F. App'x 505, 508 (10th Cir. Dec. 30, 2008) (unpublished) ("We are aware of no authority suggesting that resentencing can restart the limitations period when the prisoner seeks to bring only claims challenging his original conviction, as Mr. Vallez attempts to do here. Accordingly, the limitations period in this case began the date his original conviction became final."). Accordingly, the Court finds that the AEDPA one-year period commenced on October 26, 2001, as discussed above.

The Court must next determine whether Mr. Hill filed state post-conviction motions that tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a

properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

Mr. Hill did not file a post-conviction motion that tolled the limitation period. Instead, he filed his first post-conviction motion on November 14, 2002, after the one-year period had expired. Post-conviction motions filed after the one-year period has elapsed are not relevant to the timeliness of the federal application. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same). Accordingly, the Application is time-barred unless equitable tolling applies.

### B. Equitable tolling

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period. *See Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010); *Gibson*, 232 F.3d at 808. Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently. *Miller*, 141 F.3d at 978. The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978)).

Mr. Hill does not allege any facts in his § 2254 Application or Reply to meet his burden of demonstrating that equitable tolling is appropriate in this action.

Finally, the Court finds that Mr. Hill does not allege any facts to demonstrate that he is actually innocent of the conduct resulting in his convictions or that he actively pursued his judicial remedies but filed a defective pleading within the statutory period. Accordingly, the Court finds that claims three through six, and claims seven and eight (to the extent they present federal issues), are time-barred. The Court need not address Respondents' additional argument that claims three, four, five and six must be dismissed as procedurally defaulted.

**IV. Orders**

For the reasons discussed above, it is

ORDERED that claims one and two of the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. # 10], filed pro se by Albert B. Hill, are DISMISSED WITHOUT PREJUDICE because the claims fail to raise federal issues cognizable on federal habeas review.  To the extent claims seven and eight present only issues of state law, those claims are also DISMISSED WITHOUT PREJUDICE.  In the alternative, claims seven and eight are DISMISSED WITH PREJUDICE as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Claims three, four, five, and six are DISMISSED WITH PREJUDICE as time-barred.  It is

FURTHER ORDERED that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. # 10] is DENIED.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Hill has not made a substantial showing that jurists of reason would find it debatable whether the jurisdictional and procedural rulings are correct and whether the underlying claims have constitutional merit. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Hill files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  4th  day of    December   , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court