IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01207-LTB

ALBERT B. HILL,

      Applicant,

v.

MICHAEL MILLER, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

_____

ORDER DENYING MOTION FOR RECONSIDERATION
_____

      Applicant, Albert B. Hill, filed *pro se* a "Motion to Alter or Amend Judgment Upon Reconsideration, Pursuant to F.R.C.P. 59(e)" (ECF No. 28) on January 7, 2014.   The Court must construe the document liberally because Mr. Hill is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion will be construed liberally as a motion for reconsideration.

      A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  A motion to reconsider filed more than twenty-eight days after the final judgment in an action should

be considered pursuant to Rule 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that a

motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed

within the limit set forth under Rule 59(e)).  Mr. Hill's motion to reconsider was docketed

on January 7, 2014, 31 days after a Final Judgment was entered dismissing this action

on December 4, 2013.   The motion to reconsider includes a certificate of mailing in

which Mr. Hill avers that he placed the motion in the inmate legal mail system at

Crowley Correctional Facility on January 2, 2014.  Accordingly, pursuant to the prison

mailbox rule, the motion for reconsideration is deemed filed on January 2, 2014.  *See*

*Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (under prisoner mailbox rule,

documents are deemed filed when inmate gives them to prison officials for mailing).

Because the motion was filed twenty-nine days after judgment entered, it will be

construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

The Court first addresses the issue of jurisdiction.  Mr. Hill filed a Notice of

Appeal of the Court's December 4, 2013 order of dismissal and judgment, which was

docketed in this Court on January 7, 2014.  In the Notice of Appeal, Mr. Hill avers that

he placed the notice in the inmate legal mail system on January 2, 2014.  Thus, the

Notice of Appeal is also deemed filed on January 2, 2014.

Generally, a timely notice of appeal divests the district court of jurisdiction over

the issues on appeal.  *See Marrese v. American Academy of Orthopaedic Surgeons*,

470 U.S. 373, 379 (1985); *Warren v. American Bankers Ins. of Florida*, 507 F.3d 1239,

1242 (10th Cir. 2007).  However, a district court may deny a motion under Fed.R.Civ. P.

59(e) or 60(b) on the merits even after the filing of a notice of appeal. *Warren*, 507 F.3d

1239, 1244-45 (10th Cir. 2007) (citing to Fed. R. App. P. 4(a)(4)(A) (stating that "[i]f a

2

party timely files in the district court a [Rule 59(e) motion], the time to file an appeal runs

for all parties from the entry of the order disposing of the [motion]."); *see also W.N.J. v.*

*Yocom*, 257 F.3d 1171, 1172-73 n. 1 (10th Cir. 2001) (Rule 60(b) motion).

The Court of Appeals for the Tenth Circuit issued an Order on January 8, 2014, abating

the appeal proceeding pending this Court's disposition of Applicant's motion to

reconsider.  The Court therefore addresses the substantive argument raised in

Applicant's motion.

Rule 60(b) provides that "on motion and just terms," a court may relieve a party

from a final order because of "mistake, inadvertence, surprise, or excusable neglect

. . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).  Relief under

Rule 60(b) "is extraordinary and may be granted only in exceptional circumstances."

*See Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation

marks and citation omitted).

Mr. Hill filed a § 2254 Application raising eight claims for relief.  The Court

dismissed claims one, two, seven, and eight because the claims presented issues of

state law only that were not cognizable on federal habeas review.  The Court further

determined that all of Applicant's claims were untimely under the AEDPA one-year

limitation period, 28 U.S.C. § 2244(d)(1).  The Court found that the limitation period

commenced when Mr. Hill's conviction became final on October 25, 2001, forty-five

days after he was sentenced on September 10, 2001, when the time for filing a direct

appeal expired.  *See* Colo. App. R. 4(b)(1) (2001).  The Court further found that the one-

year period ran unabated until it expired because Mr. Hill did not file any state post-

conviction motions to toll the limitation period.  *See* 28 U.S.C. § 2244(d)(2).  The Court

rejected Applicant's contention, based on *Leyva v. People*, 184 P.3d 48 (Colo. 2008),

that his convictions were not final until his motion for correction of an illegal sentence

was granted by the state court in January 2009.

In the December 4, 2013 Order, the Court explained that *Leyva* did not impact

the commencement of the AEDPA one-year limitation period, which is determined by

federal, not state, law.  Further, the state district court's amendment to the mittimus

merely granted Applicant additional presentence confinement credit and clarified that he

was subject to discretionary, not mandatory parole.  Mr. Hill did not cite any federal law

to support his argument that he was resentenced in January 2009, such that the

AEDPA one-year limitation period restarted on that date.  Nor did he raise any claims

challenging the resentencing in his federal application.  See *Prendergast v. Clements*,

699 F.3d 1182, 1185-88 (10th Cir. 2012) (resentencing starts a new one-year limitation

period under § 2244 only with regard to claims related to the new judgment and

sentence).

In his motion for reconsideration, Mr. Hill continues to press the argument that

the limitations period did not commence until January 2009, relying only on *Leyva.*

As discussed above, the Court addressed and rejected that argument in the December

4, 2013 order of dismissal.  Revisiting issues that have already been addressed "is not

the purpose of a motion to reconsider."  *Van Skiver*, 952 F.2d at 1243.

After review of the motion and the entire file, the Court finds that Mr. Hill  has not

demonstrated some reason why the Court should reconsider and vacate the order to

dismiss this action.  The Fed. R. Civ. P. 60(b) motion does not alter the Court's

conclusion that this action properly was dismissed.  Accordingly, it is

4

ORDERED that the "Motion to Alter or Amend Judgment Upon Reconsideration, Pursuant to F.R.C.P. 59(e)" (ECF No. 28), filed *pro se* by Applicant Albert B. Hill, on January 7, 2014, which the Court has treated as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b), is DENIED.

DATED at Denver, Colorado, this __10th__ day of ___January_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court